*79 Opinion of the Court by
Chief Justice Bibb.
Moore, assignee of Farrow, sued Thompson upon a note. Thompson relied on the statute against gaming, and proved that the note was given for money won at cards. The assignee gave evidence, with intent, and conducing, to prove, that Farrow cheated Thompson at the game; that Thompson knowingly submitted to be cheated; that this note with others were executed by Thompson to Farrow for the sum so lost, for the purpose of enabling Farrow to impose the notes on the community for the mutual benefit of these gamblers, and that he, the holder, had paid a valuable consideration.
The court, upon the trial, left it to the jury to decide the facts, upon an instruction that if they should find, that the transaction between Thompson and Farrow upon which the note was executed, was a combination to swindle the community, that then they ought to find for the assignee. The jury found for the plaintiff, and to the judgment so rendered, the defendant has reserved the questions of law by bill of exceptions.
The remedy by the assignee in this case is statutory. He sues in a debt as assignee. The statute which authorizes the assignment and suit in the name of the assignee, provides that nothing in the act shall alter or change the defence in law or in equity, as between the maker and the assignor.
As between Thompson and Farrow, could Farrow have avoided Thompson’s defence upon the statute of gaming, by replying that Thompson and himself had used that game to enable the one to win and the other to loose, and thus to swindle the community for their mutual benefit?
The replication so made, and admitted to be true, could not have maintained a right of action in Farrow *80 against Thompson, if no assignment had been made. The law will not give remedy to enforce a bond or note given on a transaction between the parties, which is criminal, immoral, prohibited, or against the policy of the law. Such a replication by Farrow to Thompson’s plea of gaming, in an action between them, could not have maintained a right in Farrow, to have judgment in his favour. It would only have made the transaction more unlawful and base.
Shortridge and Monroe, for plaintiff; Daniel, for defendant.
The like evidence given by the assignee, in his statutory action upon the note, cannot place him in a better condition to maintain his suit. If he has remedy, it must be by action on the special case.
Judgment reversed, and cause remanded for farther proceedings, not inconsistent with this opinion. Plaintiff in this court to recover his costs.